## CITY OF TROY v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. STREET RAILROADS (§ 70*)—FRANCHISES—TIME SCHEDULE—ORDINANCES.

A street railway franchise, which required the company to run its cars both ways as often as the public wants and convenience required, and "under such reasonable directions and regulations as the common council may prescribe," does not authorize the city to compel the company to run its cars on a particular time schedule.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 149; Dec. Dig. § 70.*]

2. STREET RAILROADS (§ 65*)—TIME SCHEDULE—PUBLIC SERVICE COMMISSION—CONFLICTING ORDINANCES.

Where the Public Service Commission had power to force on a street railway company a schedule on which it must run its cars, and the commission required the company to run its cars both ways every 15 minutes, the city could not by ordinance, while such schedule remained in force, compel the company to run its cars every 10 minutes.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 144; Dec. Dig. § 65.*]

Appeal from Rensselaer County Court.

Action by the City of Troy against the United Traction Company to recover a penalty for the violation of an ordinance. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Patrick C. Dugan (Lewis C. Carr, of counsel), for appellant.
George B. Wellington, for respondent.

JOHN M. KELLOGG, J. By the judgment in question defendant is compelled to pay large penalties for not complying with the provisions of an ordinance of the city requiring it to run its cars upon its Oakwood Avenue line each way every 10 minutes, while at the time the ordinance was passed there was in force a valid order, made by the Public Service Commission, binding upon the city and the defendant, requiring the cars upon said line to run each way every 15 min-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

utes.   Section 8 of the city ordinance of 1890, which became the franchise under which the defendant's line is operated, requires the defendant to run its cars both ways as often as the public wants and convenience may require, "and under such reasonable directions and regulations as the common council may from time to time prescribe." This provision does not authorize the common council to force upon the company a time schedule upon which its cars shall be run; but, if we assume otherwise, that does not justify the judgment in question. It is evident that upon the same line the defendant cannot give a 10-minute service and a 15-minute service, and that but one time schedule is practicable.

It is conceded that the Public Service Commission had power to force upon the defendant a schedule upon which it must operate its cars in the city of Troy.   The public service law (Laws 1907, p. 889, c. 429) was adopted, not for the purpose of getting at and oppressing public service corporations, but for the purpose of regulating the service which shall be furnished to the public.   The commission fix a reasonable and proper service which the company shall render and which the public shall receive.   While the time schedule fixed by the Public Service Commission upon this line remains in force, any different time schedule fixed by the common council is unreasonable and unlawful. The common council has no more power to change the schedule fixed by the Public Service Commission than has the defendant, and neither can obtain relief from it, except through the commission itself, or in a proper proceeding to review the order of the commission.

The judgment appealed from should therefore be reversed upon the law and the facts, with costs to the appellant to abide the event. All concur; SMITH, P. J., in result.